(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Jaquata Whittle

(Name of Plaintiff or Plaintiffs)

v.  St. of De

~~Soto of aps~~ / Dept of Labor

CIVIL ACTION No. 06-766

(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at  725 N. Dupont St
(Street Address)
Wilm   (NC)   De   19805
(City)  (County) (State)  (Zip Code)
302-998-4778
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at  4425 N. Market St.
(Street Address)
Wilm   (NC)   De   /
(City)  (County) (State)  (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's  ~~Toooog~~ St. of De /Dept of Labor place of bussiness
(Defendant's Name)
located at  190 Executive Dr.
(Street Address)
Newark   De   19720
(City)  (County) (State)  (Zip Code)

5. The alleged discriminatory acts occurred on ~~DEC 18~~ **DEC**, **DEC**, **2005**
   (Day)   (Month)   (Year)

6. The alleged discriminatory practice ☒ is  ○ is not  continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,
   **Vocational Rehab**   **190 Executive DR**
   (Agency)        (Street Address)    (City)
   _____   **DE**   **19720**                , regarding
   (County)  (State)  (Zip Code)
   defendant's alleged discriminatory conduct on  **18** , **DEC** , **2005** .
                                                  (Day)   (Month)   (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: _____ , _____ , _____ .
   (Day)   (Month)   (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: **13** , **Sept** , **2006** .
   (Day)   (Month)   (Year)

   **(NOTE:  ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ☒ Termination of plaintiff's employment.
    C. ○ Failure to promote plaintiff.
    D. ☒ Other acts (please specify below)

On or about October 12, 2005 I was pushed at work by a co-worker of different race. I advised my superiors and they told me "Nothing happened" as if keep my mouth shut. I was advised by HR that this matter was serious and would be handled properly. Instead I was "forced" to move out of the office. HR + others pushed the incident under the rug and made me feel as the aggressor. I was totally discriminated against and would →

11. Defendant's conduct is discriminatory with respect to the following:
   A. ☑ Plaintiff's race
   B. ☑ Plaintiff's color
   C. ☐ Plaintiff's sex
   D. ☐ Plaintiff's religion
   E. ☐ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, **Plaintiff prays as follows: (Check appropriate letter(s))**

   A. ☐ That all fees, cost or security attendant to this litigation be hereby waived.
   B. ☐ That the Court appoint legal counsel.
   C. ☑ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 12/13/06

_Juguata Whittle_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (10/96)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Jaquata Whittle
725 N. DuPont Street
Wilmington, DE 19805

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2006-00124 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____    Sept 6, 2006
Marie M. Tomasso, District Director      *(Date Mailed)*

Enclosure(s)

cc: State of DE/Dept. Of Labor
Aaron Shapiro, Labor Relations Specialist (For Respondent)

| Page: 1 | Report Date 11/14/2005 | Agency TROOP 2 STATE POLICE | | Complaint: 02-05-125870 |
|---|---|---|---|---|
| Reported Date and Time MON 11/14/2005 0924 | | Initial Crime Report | | Occurred: FRI 10/28/2005 1200 |

Location:
190 Executive DR   Newark, DE 19702
DEPARTMENT OF LABOR

M.O. and Incident Overview:
Suspect and victim became involved in a hostile work environment with one another. Subsequently, the victim alleges that the suspect intentionally bumped her as the two passed each other, going through an exterior doorway.

| Grid 058-328 | Sector 24 | County New Castle | Domestic Related ☐Yes [X]No | 4-F-14 Sent? ☐Yes [X]No | Gen Broadcast Sent? ☐Yes [X]No |
|---|---|---|---|---|---|

## Victim Information

| Victim Number 001 | Name WHITTLE, JAQUATA L | | | | | |
|---|---|---|---|---|---|---|
| Type Individual | Sex Female | Race Black | | Ethnic Origin Non-Hispanic | Age 26 | DOB |
| Address 725 N Dupont HWY Wilmington, DE 19806 | | | Resident Status Full Time | Home Telephone (302) 998-4778 | Cell Phone | |
| Reporting Person? [X]Yes ☐No | Victim Injured? ☐Yes [X]No | Victim Deceased? ☐Yes [X]No | | | | |

## Suspect/Defendant Information

| Sequence 001 | Type Suspect | SBI Number 00129181 | Name MCDOUGALL, FRANCINE A | | | | Nick Name | |
|---|---|---|---|---|---|---|---|---|
| Sex Female | Race White | Ethnic Origin Non-Hispanic | Age 49 | DOB 955 | Height 5'04" | Weight 110 | Skin Tone | Eye Color Green |
| Hair Color Brown | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses | |
| Disguise | Disguise Color(s) | | Resident Status Full Time | Unusual Characteristics | | Armed With Unarmed | | |
| Address ST 770000 | | | Home Telephone ( ) -4845 | Cell Phone | | | | |

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE:11:0601:00a1:M: | Crime Description Offensive Touching | | |
|---|---|---|---|---|---|
| Location Of Offense Commercial/Office Building | | Status No Victim cooperation 11/14/2005 | | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |
| Suspected Hate/Bias ☐Yes [X]No - N/A | Crime Code 13134E - Offensive Touching/Other Assaults/Non-Aggravated | | | | |
| Weapon/Force Used Personal Weapons Hands/Feet | | | | | |
| M.O. Information | MO Class Means of Attack | | MO Description Hands/Feet | | |

## Investigative Narrative

On date and time in question, the victim responded to Troop 2 after having been directed here by an officer at Troop 1. She stated that an offensive touching incident occurred at the Department of Labor, where she has worked for four years. She stated that because she works in an office where the workers are close and informal, there is often gossip and wasted time. She stated that she asked for a meeting with her co-workers, when she pointed this out. As a result, one co-worker specifically, suspect McDougall, has been hostile towards her since. She stated that as a result, she approached McDougall and tried to pacify the situation. When this failed, she asked for a meeting with McDougall and pair's supervisor,          en. She stated that little was accomplished as McDougall walked out of the meeting. A second meeting was later set up and this also accomplished little.

On 102605, Whittle came in to work and found that her desktop was in disarray. She felt that McDougall may have been responsible, but says that she had no direct evidence of this.

On 102805, as Whittle was coming into the building, she stated that McDougall was leaving. She stated that she held the door for the two of them and as McDougal passed through the door, she forcefully bumped into Whittle, without an apology. She expected an apology later in the day, but did not receive any contact from McDougall.

## Investigative Narrative - Continued

Whittle stated that she is not satified with the manner in which her employers are handling the situation and she genuinely fears contact with the suspect. Whittle stated that she desires that the incident be documented, however she does not desire prosecution. She also requested that McDougal not be contacted.

| Reporting Officer CPL/3 WILLEY - 3633 2 | Pending Supervisory Review: |
|---|---|
| Detective Notified | Referred To |
| Solvability Factors | ☐ Witness | ☐ M.O. | ☐ Trace Stolen Property | ☐ Suspect Named | Status |



Date: October 3, 2005          Policy #: 22

Revision #: 01

## Workplace Violence

### Policy Statement:

The Department of Labor is committed to providing a workplace that is safe, secure and free of harassment, threats, intimidation and violence for all employees. It is every employee's duty to maintain a safe workplace. To ensure a safe workplace and to reduce the risk of violence, all employees should review and understand all provisions of this workplace violence policy. Consistent with this policy, threats or acts of physical violence, including intimidation, harassment, and/or coercion which involves or affects state employees or which occur on state property will not be tolerated.

This policy applies to all locations where DOL employees work or represent the State of Delaware. This includes the workplace, customer and vendor premises and state sponsored events and activities. The workplace is any location, either permanent or temporary, where an employee performs any work-related duty. This includes but is not limited to buildings and the surrounding perimeters, including parking lots. It includes all state-owned, leased or donated space, including vehicles, and any location where state business or sponsored activity is conducted. All of the department's facilities have been designated as weapons-prohibited areas for employees, customers, and vendors.

### Policy Provisions:

A. Threats or Acts of Violence Defined:

We do not tolerate any type of workplace violence committed by or against employees. Employees are prohibited from making threats or engaging in violent activities. Threats or acts of violence include conduct against persons or property that is sufficiently severe, offensive, or intimidating to alter the conditions of state employment, or to create a hostile, abusive, or intimidating work environment for one or more employees, customers, or business partners.

B. Definition of Workplace Violence:

Workplace violence is defined as all threats or acts of violence occurring on state property, as defined in the policy statement, regardless of the relationship between the state and the individual involved in the incident. This list of behaviors, while not all-inclusive, provides examples of conduct that is prohibited:

- Aggressive or hostile behavior that creates an objective <u>reasonable fear of injury to another person</u> or subjects another individual to emotional distress;
- Intentionally damaging DOL property or property of another employee;
- Hitting or shoving an individual with any part of one's body and/or object;
- Threatening to harm an individual or his/her family, friends, associates, or their property;
- The intentional destruction or threat of destruction of property owned, operated, or controlled by the state;
- Making harassing or threatening telephone calls, or sending harassing or threatening letters or other forms of written or electronic communications;
- Intimidating or attempting to coerce an employee to do wrongful acts, as defined by applicable, law, administrative rule, or policy that would affect the business interests of the state;
- The willful, malicious and repeated following of another person, also known as "stalking", and making of a credible threat with intent to place the other person in reasonable fear for his or her safety;
- Making a suggestion or otherwise conveying that an act to injure persons or property is "appropriate", without regard to the location where such suggestion occurs;
- Possession of a weapon while on DOL property or while on DOL business (unless specifically approved by the secretary of labor as a job-related requirement);
- Committing acts of violence motivated by, or related to, race, age, color, national origin, religion, sexual orientation, sex, disability, marital status, sexual harassment or domestic violence.
- Violence can include more than inflicting physical harm to others or self. Violent behavior also consists of threats and acts of aggression. Some examples of threats are remarks of revenge and abusive and obscene statements. Acts of aggression are abusive behavior, such as stalking, pounding of fists, stomping, swiping at objects, tearing paper and tampering with property, in an attempt to intimidate, inflict harm or destroy property.
- ("*Steps to Help Prevent Workplace Violence*" can be found in Appendix A.)

C. Procedure:

 1. Any potentially dangerous situation must be reported immediately to a manager or the director of administration. ①The manager is responsible for reporting the situation to his/her division director/office chief. ②The division director/office chief is responsible for ensuring that the department's <u>human resources manager, director of administration, security staff</u> and the <u>secretary of labor</u> are notified of the incident. Reports can be made anonymously and all reported incidents would be investigated. Reports or incidents warranting confidentiality will be handled appropriately and information will be disclosed to others only on a need-to-know basis. The department will actively intervene at any indication of a possibly hostile or violent situation.

2. All DOL personnel are responsible for notifying their manager of any threats, which they have witnessed or received. Even without an actual threat, employees should report any behavior they have witnessed which they regard as threatening or violent, when the behavior is job related or might be carried out at work, or is connected to DOL employment. Employees are responsible for making this report, regardless of the relationship between the individual who initiated the threat or threatening behavior.

3. This policy also requires all individuals who apply/obtain a protective or restraining order, which lists a DOL location as being protected areas, to provide a copy of the petition and declarations used to seek the order, a copy of any temporary protective or restraining order which is granted, and a copy of any protective or restraining order which is made permanent to their manager. The manager is responsible for reporting and providing the documentation of the situation to his/her division director/office chief. The division director/office chief is responsible for ensuring that the department's human resources manager, director of administration and security staff receives the documentation.

4. Threats against supervisors and co-workers can foreshadow violence. Any potentially dangerous situation must be reported immediately to a manager. The manager is responsible for reporting the situation to his/her division director/office chief. The division director/office chief is responsible for ensuring that the department's human resources manager, director of administration, security staff and the secretary of labor are notified of the incident. Reports can be made anonymously and all reported incidents would be investigated if there were sufficient information in order to initiate an investigation. Reports or incidents warranting confidentiality will be handled appropriately and information will be disclosed to others only on a need-to-know basis. Acts of aggression and violent behavior should also automatically require action. When they occur, management should tell aggressive employees to leave the workplace or have them removed. A decision should be made regarding disciplinary action. (If the employee(s) remains employed, they should be assisted in obtaining counseling.) The employee(s) who was the target of the aggression should have their needs and concerns addressed. The department will actively intervene at any indication of a possibly hostile or violent situation.

D. Warning Signs, Symptoms and Risk Factors:

While we do not expect employees to be skilled at identifying potentially dangerous persons, employees are expected to exercise good judgment and to inform the human resource office if any employee exhibits behavior, which could be a sign of a potentially dangerous situation. Such behavior may include:

- Discussing weapons or bringing them to the workplace;
- Displaying overt signs of extreme stress, resentment, hostility, or anger;

## Appendix A

*Steps to Help Prevent Workplace Violence*:

-Check employment references of all prospective employees.

-Take action immediately if an employee exhibits bizarre behavior. This may include requiring the employee to be drug-tested if there is "reasonable suspicion," disciplining the employee up to and including termination, or granting the employee a leave of absence and referring them for psychiatric assistance.

-Inform employees that threats of violence will not be tolerated. Through written and oral communication, make employees aware that threats of violence will be treated the same as acts of violence. Employees who threaten others will be subject to discipline up to and including termination.

-Develop a crisis plan. This plan should be shared with all employees so that they can know how to react in a crisis, including who is responsible for managing and responding to threats. It is a good idea to designate a management representative who will be responsible for handling workplace violence issues. This plan should provide for: reporting incidents to local law enforcement authorities; securing work areas where the disturbances occurred; ensuring the physical safety of employees and others remaining in the area as soon as possible; ensuring that no work area is left short-staffed while others assist the victim or help secure the area; and quickly assessing the safety of the work area if it was disturbed or damaged during an incident.

-Take all threats of violence seriously. If management is aware that an employee is being threatened, they should act to protect that employee during working hours. This means taking whatever measures are necessary.

-Develop a procedure for reporting incidents. A procedure for reporting violent incidents should be developed. This procedure will apply to all types of violent incidents, whether or not physical injury has occurred (i.e. verbal abuse, threats of violence, menacing, etc.). This procedure should be in writing and should be easily understood by all employees. It should take into account issues of confidentiality or employees may be reluctant to come forward. Each incident should be reported to and evaluated by a designated management representative.

-Conduct a detailed investigation of incidents. All incidents should be investigated as soon as possible. A delay of any kind may cause important evidence to be removed, destroyed intentionally or unintentionally. The investigation should be focused on fact-finding to prevent reoccurrence.

- Making threatening remarks;
- Sudden or significant deterioration of performance;
- Displaying irrational or inappropriate behavior;
- Dropping hints about a knowledge of firearms;
- Making an intimidating statement such as: "You know what happened at the Post Office," "I'll get even" or "You haven't heard the last of me."
- Physical signs of hard breathing, reddening of complexion, menacing stare, loudness, fast profane speech;
- Having a romantic obsession with a co-worker who does not share that interest;
- Intense anger or lack of empathy;
- History of interpersonal conflict, domestic problems, and/or unstable/dysfunctional family;
- Brooding, strange behavior or "time bomb ready to go off."

If an employee exhibits such behavior, those observing the behavior should advise their manager regarding their concerns and the employee should be monitored and such behavior should be documented.

E. Dangerous/Emergency Situations:

Employees who confront or encounter an armed or dangerous person should not attempt to challenge or disarm the individual. Employees should remain calm, make constant eye contact and talk to the individual. If a manager or security officer can be safely notified of the need for assistance without endangering the safety of the employee or others, such notice should be given. Otherwise, cooperate and follow the instructions given by the individual. <u>Important note: If possible, employees should immediately notify proper law enforcement authorities and/or security if they believe that there is a serious threat to their safety or the safety of others.</u>

F. <u>Domestic Violence</u>:

This policy encourages all state employees to be aware of the issue of domestic violence and its impact in the workplace. The human resources management section of the State's Office of Management and Budget or the DOL's human resources manager can direct employees to resources to either learn more about or receive services related to domestic violence.

G. <u>Enforcement</u>:

Threats, threatening conduct, or any other acts of aggression or violence in the workplace will not be tolerated. The violation of this policy may be grounds for discipline up to and including dismissal based on the just cause standard set forth by Merit Rule 15.1, or any collective bargaining agreement, whichever is applicable to the subject employee. Exempt employees shall be subject to appropriate discipline without recourse, except as

## Whittle Jaquata L. (DOL)

**From:** ⎯⎯⎯⎯⎯ (DOL)
**Sent:** Friday, October 28, 2005 10:38 AM
**To:** ⎯⎯⎯⎯⎯ (DOL)
**Cc:** ⎯⎯⎯⎯⎯ G. (DOL)
**Subject:** RE: WORKPLACE VIOLENCE
**Importance:** High

Jaquata can you come over to my office in Fox Valley and meet with me so we can resolve this matter? I am available anytime today Friday.

> -----Original Message-----
> **From:** Whittle Jaquata L. (DOL)
> **Sent:** Friday, October 28, 2005 10:35 AM
> **To:** T⎯⎯⎯
> **Cc:** C⎯⎯⎯ G. (DOL)
> **Subject:** WORKPLACE VIOLENCE
>
> Good Morning  l,
>
>     I don't know what to do with this situation in our office with Francine
> Today, I was "physically" touched as I entered the doorway by Francine. I didn't get an "excuse me" or any other type of apology for this act.
> I feel threatened at this point and feel the need to have State Personnel involved.
> These are things that Department of Labor has in the "Workplace Violence" manual. All employees were required to sign and return this form.
> I have been properly addressing different issues to my superiors for matters involving Francine. I do not want to be in violation of this policy and request that some type of action be taken immediately.
>
>                                           Thank you
>                                           Jaquata Whittle

12/8/2005

06-766

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Jaquata White

**DEFENDANTS** Dept. of Labor

(b) County of Residence of First Listed Plaintiff: NewCastle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: NewCastle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

725 N. Dupont St
Wilm DE 19805

(c) Attorney's (Firm Name, Address, and Telephone Number)
(302) 998-4778

Attorneys (If Known)

FILED 2006 DEC 14 PM 4:2 CLERK US DISTRICT COURT DISTRICT OF DELAWARE

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e-5
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: Jaquata White 2/13/06   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 6 - 7 6 6**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

DEC 1 4 2006                      *Jaquata Whittle* 12/14/06
(Date forms issued)               (Signature of Party or their Representative)

                                  Jaquata Whittle
                                  (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action